O’Neall, J.
delivered the opinion of the Court.
The ground for non-suit, and the first ground for new trial, may be considered together. For the reason given to the jury, by the Judge below, to shew that the statute of limitations could not bar the plaintiff’s recovery, was that which pre-" vented his mind from yielding to the motion for non-suit.
The sale of the slaves to the defendant, has been found to be conditional by the jury. There was no proof whatever of any demand by the intestate, of the negroes, after the condition failed to be complied with, or of any assertion of a claim of property, in the same, by the defendant, in the lifetime of Crawley, and with his knowledge. With these statements, *157 it is too plain to be seriously argued that the statute of limitations could not begin to run in the lifetime of the intestate.
There can be no doubt that it was entirely with the vendor to take advantage of the condition broken or not. If he chose he could suffer the possession of the slaves to remain in the vendee, without any danger of the statute of limitations, until demand, or until there was an assertion of an adverse right. For a purchaser, on condition, stands as a tenant, and cannot dispute the title under which he entered, without some assertion of title on his part, such as a refusal to deliver possession when demanded, or notice that he holds in his own right, and not under the vendor.
It certainly, as a matter of fact, was decisive of every thing, if it were true, that the defendant killed Crawley, to prevent him from demanding or re-possessing himself of the slaves. For such an act would admit all the rights of property. But in the same breath that the jury were so advised, they were told that there was not evidence enough to convict the defendant of the murder. So that in no point of view could the observation have prejudiced “the defendant.
The motion for a non-suit or new trial, is dismissed.
Evans, J. Wardlaw, J. Frost, J. and Withers, J.concurred.

Motion refused.